## MARGARET ROCKS *vs*. PATRICK CORNELL.

### PROVIDENCE—JANUARY 31, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) · *Mortgages.  Power of Sale.  Infants.  Ratification.*

A power of sale in a mortgage of real estate executed by an infant is invalid, an infant being incapable in law of appointing an attorney. Therefore a sale under such power is absolutely void as to the interest of the infant in the land.

Although the mortgage might have been ratified by the infant, nevertheless, upon a bill properly setting out the invalidity of the power of sale as a ground of relief, the infant would be entitled to redeem.

BILL IN EQUITY to redeem an estate sold under a power of sale in a mortgage executed jointly by the complainant and others, the complainant at the time of execution being an infant. The point considered by the court in its opinion is sufficiently stated therein. Heard on bill, answer, and proofs.

(1)    PER CURIAM. The testimony shows that the complainant at the time of executing the mortgage was an infant, and so incapable of appointing an attorney. The power of sale in the mortgage therefore, so far as relates to her interest in the land, was invalid, and the sale under it absolutely void as to her. Note to *Tucker* v. *Moreland ; Vasse* v. *Smith,* 1 Am. Leading Cases, 5 ed. **247, 248. Tyler on Infancy, 46, 47; Schouler Dom. Rel. § 406, and cases cited. 1 Am. & Eng. Enc. of Law, 2 ed. 940, 941. It follows that though she has ratified the mortgage, she would, nevertheless, be entitled to redeem if the allegations of the bill sufficiently set forth the invalidity of the power of sale as a ground for relief.

Our opinion is that the bill is defective in this respect, and needs amendment before relief can be granted.

*James M. Gilrain,* for complainant.
*Wood & Fitch,* for respondent.